**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

SHERLOCK SHEDRICK,

    *Plaintiff*,

    v.

CLARITY SERVICES, INC.,

    *Defendant*.

Case Number:

**JURY TRIAL DEMANDED**

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW** the Plaintiff, **Sherlock Shedrick** ("**Mr. Shedrick**"), by and through his attorneys, Seraph Legal, P.A., and complains of the Defendant, **Clarity Services, Inc.** ("**Clarity**"), stating as follows:

## PRELIMINARY STATEMENT

1.  This is an action brought by Mr. Shedrick against Clarity for violations of the *Fair Credit Reporting Act*, 15 U.S.C. § 1681, *et seq.* ("**FCRA**") for damages.

## JURISDICTION AND VENUE

2.  Subject matter jurisdiction arises under the FCRA, 15 U.S.C. § 1681p, and 28 U.S.C. § 1331.

3.  Clarity is subject to the provisions of the FCRA and is subject to the jurisdiction of this Court pursuant to Fed. R. Civ. P. 4(k) and § 48.193, Fla. Stat.

4.    Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b)(2), because the acts complained of were committed and/or caused by Clarity within Polk County, Florida, which is in the Middle District of Florida.

## PARTIES

### Mr. Shedrick

5.    Mr. Shedrick is a natural person residing in the City of Bartow, Polk County, Florida.

6.    Mr. Shedrick is a *Consumer* as defined by the FCRA, 15 U.S.C. § 1681a(c).

### Clarity

7.    **Clarity** is a Delaware corporation with a principal business address of **475 Anton Blvd., Costa Mesa, CA 92626**.

8.    Clarity is registered to conduct business in the State of Florida, where its Registered Agent is **CT Corporation System, 1200 South Pine Island Rd., Plantation, FL 33324**.

9.    Clarity is a nationwide *Consumer Reporting Agency* ("**CRA**") within the meaning of the FCRA, 15 U.S.C. § 1681a(f), in that it, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and uses various means of interstate commerce for the purpose of preparing or furnishing

consumer reports, specifically including mail, internet, and/or telephone communications.

## FACTUAL ALLEGATIONS

### Clarity's File on the Plaintiff Contains Multiple Inaccuracies

10.     Around October 2021 Clarity began maintaining a credit file on Mr. Shedrick. *See* **PLAINTIFF'S EXHIBIT A.**

11.     Clarity, a CRA that predominantly serves the needs of online lenders making short-term loans, programs its systems to acquire and report as much information as possible, with little regard to the quality or accuracy of the data.

12.     A prime example of this is that Clarity reported Mr. Shedrick has *three different* dates of birth – one of which is, ostensibly, in 2062.

13.     Clarity, as well as virtually every other person on Earth, knows this information is, on its face, false, since a person obviously cannot be born in the future.

14.     Beyond the absurdity of incorporating reporting claiming Mr. Shedrick was born in the future, the date of birth is a primary anchor used by CRAs to distinguish between consumers, meaning this information placed Mr. Shedrick at greater risk of having a mixed file.

15.     Furthermore, Clarity's credit file on Mr. Shedrick contained other patently absurd and impossible information such as information stating he had resided at his address for 20,201,118 months, or 1,683,428 years. *Id.*

16.     Clarity clearly knew that Mr. Shedrick had not been residing at a particular address since the Early Pleistocene era, but incorporated the information, blindly, into its credit file about him, despite there being zero chance of accuracy.

17.     Clarity reported Mr. Shedrick had been working for his employer for 20,140,101 months, or 1,678,341 years, another piece of data which Clarity knew was, on its face, false.

18.     Clarity then sold reports about Mr. Shedrick to third parties claiming he was born in the future, lived at his address for 1.6 Million years, and had a 1.6 Million year job history.

19.     As is virtually axiomatic, Clarity failed to follow reasonable procedures to assure maximum possible accuracy of the reports it sold.

20.     Clarity's own records indicate it has sold at least 70 reports to third parties which contain a future date of birth and/or a 1.6 Million year length of employment history.

21.     The fact Clarity sold this information for such a long period of time-- from December 2021 to present -- underscores the lack of reasonable procedures utilized by Clarity in producing credit reports for sale.

22.     Clarity's own proprietary credit score gives great weight to the number of changes to an applicant's personal information; multiple dates of birth, including one in the future, extreme differences in length of residence and employment, etc., has a very detrimental effect on a consumer's score.

23.   For lenders not using Clarity's proprietary score, credit scoring algorithms in general rely on logical data to determine a consumer's length of credit history, which typically accounts for 15% to 20% of a standard credit score. A residency or employment history of 1.6 million years is nonsensical data that scoring models are not designed to process; further, lenders view extreme discrepancies as red flags.

24.   The FCRA is clear in its requirement that Clarity, as a CRA, is required to prepare accurate reports:

> **Accuracy of Report**.   Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.  15 U.S.C. §1681e(b).

25.   Clarity was required to follow reasonable procedures to assure maximum possible accuracy of the information concerning Mr. Shedrick.

26.   Clarity was thus aware that when it sold reports on Mr. Shedrick in the last four years that, under a best-case scenario, it was selling data and other information it knew it had gathered without regard to accuracy or completeness.

27.   As a result of the Defendant's actions, Mr. Shedrick has suffered damages, including wasted time trying to figure out what the information in his Clarity file means and how it got there, lost financial opportunities, loss of credit, lower credit scores, significant emotional distress and aggravation, and damage to his reputation.

**Clarity Fails To Disclose Information Clearly and Accurately**

28.     Around April 8, 2026, Mr. Shedrick requested his credit file disclosure from Clarity and discovered Clarity had been reporting wildly erroneous data about him.

29.     Pursuant to 15 U.S.C. § 1681g(a), upon receipt of Mr. Shedrick's request, Clarity was required to clearly and accurately disclose *all* information in Mr. Shedrick's file at the time of his request, as well as the sources of information relied upon.

30.     A request for a consumer disclosure inherently includes a request for the sources of information relied upon. See *Brauer v. ExamOne World Wide Inc.*, No. 222CV07760MEMFJC, 2023 WL 4695899 (C.D. Cal. July 19, 2023) (stating "… these sources clearly fall within the plain language definition of 'file,' and should have been provided to Brauer when he requested his file.")

31.     As a CRA, Clarity knows that the FCRA requires it to disclose the sources of information relied upon in compiling the consumer's credit report when providing a consumer disclosure. *Id.*

32.     Clarity did not *clearly* disclose its sources of information that Mr. Shedrick was born in the future and had lived and worked for the last 1.6 Million years.

33.     Clarity's disclosure states "The 'Tracking #' located after 'Date' and 'Time' allows you to associate the data that originated from the same inquiry. For example, when the 'Tracking #' is the same for your name, date of birth and driver's license/state, then all those data elements came from the same inquiry."

34. This does not make clear, though, that the entity making the inquiry likely furnished the information to Clarity.

35. Moreover, the particular tracking number, "hbhdnwbf46," which relates to his future date-of-birth and 1.6 Million year length of employment and residence, is but one of hundreds of tracking numbers on his credit file disclosure.

36. To ascertain this data was reported by "Experian Partner Solutions (CSID)," Mr. Shedrick had to manually search through hundreds of tracking numbers to find the one that matched.

37. Thus, the method in which Clarity discloses sources of information is far from the FCRA's requirement that it do so clearly.

### Clarity Fails to Investigate Disputes

38. Clarity, unlike its parent company, Experian Information Solutions, Inc. ("Experian"), does not provide consumers any ability to dispute inaccurate information online.

39. In April 2026, after becoming aware of Clarity's reporting, Mr. Shedrick disputed the accuracy of the false information on appearing on his consumer disclosure to Clarity, including his purported 1.6 Million years on the job.

40. Clarity, upon receipt of Mr. Shedrick's dispute, was required to make a reasonable investigation into his disputes and report the results of the investigation back to him within 30 days. *See* 15 U.S.C. § 1681i(a)(1)(A).

41. While Clarity acknowledged receiving Mr. Shedrick's dispute, it did not initiate any investigation into Mr. Shedrick's dispute whatsoever.

42.    Thus, Clarity failed to make a reasonable investigation as required by the FCRA, § 1681i(a)(1)(A), since it failed to conduct any investigation.

43.    The fact that Clarity failed to make any investigation into multiple and obvious errors is inherently *unreasonable.*

44.    Mr. Shedrick's experience with Clarity is far from unique.

45.    Clarity frequently fails to investigate consumer disputes, either ignoring them completely or sometimes sending a form letter to the consumer stating it could not identify what was being disputed, even when the consumer's dispute is crystal-clear.

46.    Clarity, unlike Experian, does not utilize e-OSCAR, an online platform designed to quickly, efficiently, and effectively resolve consumer disputes.

47.    Clarity must thus use much more labor-intensive methods to investigate disputes.

48.    On information and belief, Clarity frequently declines to investigate disputes as a means to avoid the time and cost of investigating consumer disputes, which it lacks any efficient way of processing.

49.    Mr. Shedrick has also suffered severe emotional distress and has spent time and money to correct his file and force Clarity to comply with its statutory obligations, and in procuring counsel.

50.    Mr. Shedrick has hired the aforementioned law firm to represent him in this matter and has assigned his right to fees and costs to the firm.

## COUNT I
## CLARITY'S WILLFUL VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681e(b)

51.    Mr. Shedrick adopts and incorporates paragraphs 1 – 50 as if fully stated herein.

52.    Clarity willfully violated **15 U.S.C. § 1681e(b)** when it failed to follow reasonable procedures to assure maximum possible accuracy of the consumer reports sold regarding Mr. Shedrick, as reasonable procedures would not have resulted in Clarity's sale of reports containing erroneous and preposterous information about Mr. Shedrick's "future" date of birth, employment history, and more.

53.    Clarity has been sued on numerous occasions for very similar conduct and knows that its procedures for ensuring accuracy of reports are flawed.

54.    Clarity's conduct was thus willful or done with a reckless disregard for Mr. Shedrick's rights under the FCRA.

55.    As a result of its conduct, Clarity is liable to Mr. Shedrick pursuant to the FCRA for the greater of Mr. Shedrick's actual damages or statutory damages of up to $1,000 for *each occurrence*, punitive damages, reasonable attorneys' fees, and costs, per 15 U.S.C. § 1681n.

**WHEREFORE**, Mr. Shedrick respectfully requests this Honorable Court enter judgment against Clarity for:

a.    The greater of Mr. Shedrick's actual damages or statutory damages of $1,000 per incident pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b.    Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c.    Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3); and,

d.    Such other relief that this Court deems just and proper.

## COUNT II
## CLARITY'S NEGLIGENT VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681e(b)
### (Pled in the Alternative to Count I)

56.    Mr. Shedrick adopts and incorporates paragraphs 1 –50 as if fully stated herein, and pleads this count strictly in the alternative to Count I.

57.    Clarity owed Mr. Shedrick a legal duty to utilize reasonable procedures to assure the maximum possible accuracy of its consumer reports regarding Mr. Shedrick.

58.    Clarity breached its duty when it sold numerous consumer reports incorporating erroneous and preposterous information about Mr. Shedrick's "future" date of birth, employment history, and more.

59.    Clarity's breach amounts to a negligent violation of **15 U.S.C. § 1681e(b)**, and Mr. Shedrick is entitled to his actual damages, attorneys' fees, and costs, pursuant to 15 U.S.C. § 1681o.

**WHEREFORE**, Mr. Shedrick respectfully requests this Honorable Court enter judgment against Clarity for:

a.    Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b.    Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and

c.      Such other relief that this Court deems just and proper.

## COUNT III
## VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681g(a)(2)

60.     Mr. Shedrick adopts and incorporates paragraphs 1 - 50 as if fully stated herein.

61.     Clarity violated 15 U.S.C. § 1681g(a)(2) by failing to clearly and accurately disclose the sources of information in Mr. Shedrick's consumer file.

62.     Clarity's violation was willful. Clarity is a sophisticated credit reporting agency that is fully aware of its statutory obligations to provide "clear and accurate" disclosures. Despite this knowledge, Clarity intentionally utilized a "Byzantine" system of tracking numbers that obscures the identity of information sources.

63.     By prioritizing its own Byzantine internal data-organization methods over the consumer's right to transparent disclosure, Clarity acted with at least a reckless disregard for the requirements of the FCRA.

64.      As a result of this willful noncompliance, Clarity is liable to Mr. Shedrick pursuant to **15 U.S.C. § 1681n** for statutory damages of not less than $100 and not more than $1,000 per violation, punitive damages, and reasonable attorneys' fees and costs.

**WHEREFORE,** Mr. Shedrick respectfully requests this Honorable Court enter judgment in his favor, and against Clarity, for:

a.      The greater of Mr. Shedrick's actual damages or statutory damages of **$1,000** per violation, pursuant to 15 U.S.C. § 1681n(a)(1)(A), or in the

alternative, Mr. Shedrick's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b.      Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c.      Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) and/or 15 U.S.C. § 1681o(a)(2); and,

d.      Such other relief that this Court deems just and proper.

## COUNT IV
## CLARITY'S NEGLIGENT VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681g(a)(2)
### (Pled in the Alternative to Count III)

65.     Mr. Shedrick adopts and incorporates paragraphs 1 - 50 as if fully stated herein and strictly pled in the alternative to Count III.

66.     In the alternative to Count III, Clarity negligently failed to comply with 15 U.S.C. § 1681g(a)(2) by failing to provide a consumer disclosure that clearly and accurately identified the sources of information relied upon.

67.     Clarity failed to exercise reasonable care in the drafting and delivery of Mr. Shedrick's consumer disclosure. A reasonable credit reporting agency would have ensured that the "Company" or "Source" fields provided actionable information rather than internal tracking numbers that require significant manual consumer investigation.

68.     As a direct and proximate result of Clarity's negligence, Mr. Shedrick has suffered actual damages, including but not limited to time spent attempting to decipher

the source of the inquiries, loss of sleep, and frustration inherent in being denied the transparent credit file to which he is legally entitled.

69.     Clarity is thus liable to Mr. Shedrick pursuant to 15 U.S.C. § 1681o for actual damages and reasonable attorneys' fees and costs.

**WHEREFORE,** Mr. Shedrick respectfully requests this Honorable Court enter judgment in his favor, and against Clarity, for:

a.      Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b.      Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and

c.      Such other relief that this Court deems just and proper.

## COUNT V
## WILLFUL VIOLATIONS OF THE FCRA - 15 U.S.C. § 1681i(a)(1)(A)

70.     Mr. Shedrick hereby incorporates paragraphs 1 – 50 as if fully stated herein.

71.     Clarity violated 15 U.S.C. § 1681i(a)(1)(A) when it failed to conduct a reasonable investigation into Mr. Shedrick's dispute regarding inaccurate information in his credit file, since it failed to conduct any investigation at all.

72.     Clarity's conduct was a result of its regular policies and procedures, which frequently result in it not conducting any investigation at all, and/or claiming it "can't identify" what the consumer is disputing, even when it is abundantly clear, as in the instant matter.

73.    Clarity's conduct was thus willful and intentional, or, alternately, was done with a reckless disregard for its duties under the FCRA to make reasonable investigations, and its policies could reasonably be foreseen to cause harm to Mr. Shedrick.

74.    Accordingly, pursuant to 15 U.S.C. § 1681n, Clarity is liable to Mr. Shedrick for the greater of his actual damages or statutory damages of up to $1,000 for each occurrence, as well as punitive damages, reasonable attorney's fees, and costs.

**WHEREFORE,** Mr. Shedrick respectfully requests this Honorable Court to enter judgment against Clarity for:

a.    The greater of statutory damages of **$1,000** per incident or Mr. Shedrick's actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b.    Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c.    Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. §1681n(a)(3); and,

d.    Such other relief that this Court deems just and proper.

## COUNT VI
## NEGLIGENT VIOLATIONS OF THE FCRA - 15 U.S.C. § 1681i(a)(1)(A)
### (Pled in the alternative to Count V)

75.    Mr. Shedrick adopts and incorporates Paragraphs 1 – 50 as if fully restated herein and strictly pled in the alternative to Count V.

76.    Clarity had a legal duty to reasonably investigate Mr. Shedrick's disputes.

77.   Clarity breached this duty when it failed to make any investigation whatsoever.

78.   Thus, Clarity violated 15 U.S.C. § 1681i(a)(1)(A) when it failed to conduct a reasonable investigation into Mr. Shedrick's dispute regarding inaccurate information in his credit file, since it failed to conduct any investigation at all.

79.   Clarity's conduct was a result of its regular policies and procedures, which frequently result in it not conducting any investigation, and/or claiming it "can't identify" what the consumer is disputing, even when it is abundantly clear, as in the instant matter.

80.   Clarity's conduct was thus willful and intentional, or, alternately, was done with a reckless disregard for its duties under the FCRA to make reasonable investigations, and its policies could reasonably be foreseen to cause harm to Mr. Shedrick.

81.   Accordingly, pursuant to 15 U.S.C. § 1681n, Clarity is liable to Mr. Shedrick for the greater of his actual damages and statutory damages of up to $1,000 for each occurrence, as well as punitive damages, reasonable attorney's fees, and costs.

**WHEREFORE,** Mr. Shedrick respectfully requests this Honorable Court to enter judgment against Clarity for:

a.   Mr. Shedrick's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b.   Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681o(a)(2); and,

c.      Such other relief that this Court deems just and proper.


## JURY TRIAL DEMANDED

Mr. Shedrick hereby demands a trial by jury on all issues so triable.

Respectfully submitted on May 13, 2026, by:

**SERAPH LEGAL, P. A.**

*/s/ Christian Cok*
Christian Cok, Esq.
Florida Bar No.: 1032167
CCok@SeraphLegal.com
3505 E Frontage Rd, Ste 145
Tampa, FL 33607
Tel: 813-567-1230
Fax: 855-500-0705
*Counsel for Plaintiff*


## ATTACHED EXHIBIT LIST

A       Clarity's Consumer Disclosure for Mr. Shedrick, April 8, 2026 – Excerpts